UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDRE JOHNSON,

        Plaintiff,

v.

                                      CASE NO. 4:26-CV-12489
                                      HON. F. KAY BEHM

HEIDI WASHINGTON, et al.,

        Defendants.

_____/

## ORDER OF TRANSFER

Michigan prisoner DeAndre Johnson ("Plaintiff"), currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, as well as an application to proceed without prepayment of the filing fee.  ECF No. 2.  In his complaint, Plaintiff alleges that he was subject to smoke and toxic fumes from a prison fire and suffered injuries while he was confined at the Muskegon Correctional Facility in Muskegon Heights, Michigan in January, 2026.  He names Michigan Department of Corrections ("MDOC") Director Heidi Washington, MDOC Administrator Jeremy Bush, Muskegon Warden Sherry Burt, Muskegon Sergeant Williams, Muskegon Corrections Officer Gaskill, and an unidentified Muskegon Captain and Shift Commander as defendants and sues them in their official and personal capacities.  He seeks injunctive relief and monetary damages.  ECF No. 1.

Venue for a civil action brought in federal district court is governed by 28 U.S.C. § 1391, which provides in relevant part:

Venue in general.   A civil action may be brought in B

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).   Public officials "reside" in the county where they perform their official duties.   *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).   When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a).

Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice.   *See* 28 U.S.C. § 1404(a); *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).   A court may

sua sponte transfer a case on the basis of venue.  *See Carver v. Knox Co., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

In this case, defendants Washington and Bush reside in Ingham County and the other defendants reside in Muskegon County for purposes of the present complaint, and the events giving rise to the complaint occurred in Muskegon County. Ingham County and Muskegon County are both located in the Western District of Michigan.  *See* 28 U.S.C. § 102(b).  Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court.  The Western District is also a more convenient forum for this case.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a), the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan.  The Court makes no determination as the merits of the complaint or the pending application to proceed without prepayment of the filing fee.

**IT IS SO ORDERED**.

Date: July 24, 2026                                s/F. Kay Behm
                                                   F. Kay Behm
                                                   United States District Judge

3